■ JACQUELINE GUZMAN, an Infant, by Her Father and Natural Guardian, BENITO GUZMAN, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [598 NYS2d 254] —Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered July 1, 1992, which denied defendant's motion to strike plaintiff's note of issue, unanimously modified, on the law, only to the extent of granting defendant leave to depose and physically examine plaintiff, such examinations to be completed within 30 days of the service upon defendant of our order. As so modified, the order is otherwise affirmed, without costs.

Despite defendant's failure to respond to plaintiff's May 10, 1991 letter requesting a schedule of depositions of all parties at an early date, on the record before us its conduct was not so egregious as to warrant the IAS Court's action in denying defendant any opportunity to depose or physically examine plaintiff. That defendant conducted its pre-action physical examination of plaintiff, to which it was entitled by statute, shortly after the complaint was served does not preclude the physical examination sought (General Municipal Law § 50-h) and the resultant prejudice to defendant by the denial of the discovery sought is manifest. Concur—Sullivan, J. P., Carro, Kupferman and Rubin, JJ.